FILED

2026 May-27  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **WOODS & WATER, INC.,** )<br><br>)<br>**Plaintiff,** )<br><br>)<br>**v.** )<br><br>)<br>**WOODS AND WATER** )<br>**POWERSPORTS, INC.,** )<br><br>)<br>**Defendant.** ) | **Case No.** _____<br><br>**JURY DEMANDED** |

### COMPLAINT

Woods & Water, Inc. ("Woods & Water"), for its complaint against Defendant Woods and Water Powersports, Inc. ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for trademark infringement of a federally registered trademark under 15 U.S.C. § 1114(1), for false designation of origin and unfair competition under 15 U.S.C. § 1125(a), and for trademark infringement under the common law of the State of Alabama.

2.      Woods & Water is an Alabama corporation which has used its distinctive WOODS & WATER trademark (the "W&W Mark" or the "Mark") continuously for almost fifty years in interstate commerce in connection with retail store services, apparel, sporting goods, and outdoor gear.

3.      In 2024, Defendant, also an Alabama corporation, began using marks that are nearly identical to the W&W Mark, differing only by the addition of a descriptive term, in connection with related goods and services (the "Infringing Marks").

68038011 v1

4. Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Woods & Water, and as to the origin, sponsorship, or approval of Defendant's goods and services.

5. Woods & Water seeks injunctive relief, damages, Defendant's profits, treble damages where permitted, corrective advertising, attorneys' fees and costs, and such other relief as the Court deems just and proper.

## PARTIES

6. Woods & Water is a corporation organized and existing under the laws of State of Alabama, with its principal place of business located in Tuscaloosa, Alabama.

7. Woods & Water owns all rights in and to the W&W Mark and has invested substantial time, effort, and resources over decades to develop, advertise, and promote high-quality retail store services, apparel, and outdoor gear in connection with the W&W Mark.

8. Upon information and belief, Defendant is a corporation organized and existing under the laws of Alabama, with its principal place of business in Munford, Talladega County, Alabama and retail locations in both Munford and Hamilton, Marion County, Alabama. Defendant transacts business in this District and Division, has committed the acts complained of herein in this District and Division, and has caused harm to Woods & Water in this District and Division.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over the federal claims under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338, because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

10. This Court has supplemental jurisdiction over the state-law claim pursuant to 28 U.S.C. § 1367 because it forms part of the same case or controversy as the federal claims.

11.     This Court has personal jurisdiction over Defendant because Defendant is an Alabama corporation, resides in Alabama, conducts business in Alabama, and has committed acts of trademark infringement and unfair competition in Alabama, including in this District and Division, causing injury to Woods & Water in Alabama.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division, Defendant has a place of business in this District and Division, and Defendant is subject to the Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

### A.     Woods & Water's Trademark Rights.

13.     Woods & Water opened a retail store in Tuscaloosa, Alabama using the W&W Mark in 1977.

14.     The focus of Woods & Water's business is (and always has been) on selling apparel, sporting goods, and gear for use in connection with outdoor activities (such as hunting, fishing and shooting).

15.     In 1998, Woods & Water acquired the domain name woods-n-water.com. Since then, in addition to its brick-and-mortar location, Woods & Water has offered retail store services and sold goods via its online shop.

16.     Woods & Water advertises online (such as through its Facebook and Instagram accounts) and also advertises through other avenues, such as placing advertisements on billboards along Interstate 20.

17.     For more than the last ten years, Woods & Water has conducted a sustained billboard campaign along Interstate 20/59 from west of Tuscaloosa to near the Birmingham market, further reinforcing recognition of the W&W Mark in the region.

18.    Woods & Water also sponsors and partners with numerous community and outdoor organizations, including local banquets for NWTF, Ducks Unlimited, Delta Waterfowl, and the NRA; local high school fishing teams; the Westervelt Log-a-Load for Kids sporting clay shoot; and signage on numerous local school sports fields.

19.    Woods & Water has invested heavily in advertising, spending approximately $1 million in the last five years. Woods & Water's advertisements prominently feature the Woods & Water trademark.

20.    Woods & Water's sales are under the mark are substantial. Over the last five years, Woods & Water's gross sales volume has exceed $60 million.

21.    Woods & Water is the owner of all right, title, and interest in and to U.S. Trademark Registration No. 3076311 for the W&W Mark, registered on April 4, 2006, covering "[c]lothing, namely shirts, hats, baseball caps, sweaters, vests, coats, and jackets" in International Class 025 (the "Registered Mark").

22.    The W&W Mark has been in continuous use in interstate commerce by Woods & Water and/or its predecessors-in-interest since at least as early as January 1, 1978, and long prior to any date on which Defendant commenced use of the Infringing Marks.

23.    True and correct images of Woods & Water's use of the W&W Mark appear below:



*See* woods-n-water.com (last accessed May 1, 2026).



*Id.*



*See* https://www.facebook.com/woodsnwaterstore (last accessed May 1, 2026).

24.    As can be seen, Woods & Water's use of the W&W Mark is often accompanied by scenes and/or colors of the outdoors (such as trees and woods, camouflage, hunting paraphernalia, etc.).

25.    The W&W Mark is inherently distinctive and/or has acquired distinctiveness through decades of substantially exclusive and continuous use, extensive sales, advertising, and unsolicited media coverage.

26.    The W&W Mark identifies and distinguishes Woods & Water as the sole source of high-quality retail store services, apparel, sporting goods, and outdoor gear, and the W&W Mark symbolizes the valuable goodwill associated with Woods & Water's business.

27.     Woods & Water's federal registration is valid, subsisting, and has been in full force and effect for over 20 years. The registration has achieved incontestable status under 15 U.S.C. § 1065. A true and correct copy of the registration certificate is attached as Exhibit "A."

28.     Independent of its federal registration, Woods & Water owns strong common law rights in the W&W Mark for retail store services, apparel, and outdoor gear through continuous, substantially exclusive use in commerce throughout Alabama (and beyond) for almost fifty years.

29.     By virtue of its extensive and continuous use of the W&W Mark within the State of Alabama (and particularly in North Alabama) the W&W Mark has become extremely well known and famous within the State.

**B.     Defendant's Unlawful Conduct.**

30.     Defendant initially formed in 1997 under the name Motorcycle Sports Inc.

31.     Defendant is a powersports dealership with locations in Munford and Hamilton, Alabama. Defendant offers for sale ATVs, UTVs, motorcycles, three wheelers, golf carts, personal watercraft, trailers, boats, and go karts.

32.     Defendant also sells "apparel" and "accessories" including, on information and belief, t-shirts, sweatshirts, and baseball caps.

33.     In 2024, Defendant changed its name from Motorcycle Sports Inc. to Woods and Water Powersports, Inc. At that time, Defendant began using the Infringing Marks, including WOODS & WATER POWERSPORTS, WOODS AND WATER POWERSPORTS, and WOODS & WATER MUNFORD.

34.     Defendant's use of the WOODS & WATER-formative marks is often accompanied by outdoor scenes and imagery, such as those shown below:



*See* https://www.woodsandwatermunford.com/ (last accessed May 1, 2026).



*See* https://www.facebook.com/MotorcycleSportsPolaris/ (last accessed May 1, 2026).



*See* https://www.instagram.com/p/DWmNQnDFnkk/?img_index=1 (last accessed May 1, 2026).



**woodsandwaterpowersports**

Woods and Water Powersports

827 posts   1,179 followers   1,322 following

ATV Dealership

50115 Hwy 21
Munford, AL 36268
(256) 831-6495

50115 Al Highway 21, Munford, Alabama 36268

⊘ woodsandwaterpowersports.com

*See* https://www.instagram.com/woodsandwaterpowersports/ (last accessed May 1, 2026).

35.     Although it is often followed by descriptive words such as POWERSPORTS and MUNFORD, the phrase WOODS & WATER is clearly the dominant portion of the Infringing Marks. In Defendant's logos, the words WOODS & WATER are always larger and appear more dominant than any descriptive term.

36.     Defendant uses the Infringing Marks on and in connection with marketing, advertising, websites, social media, signage, packaging, labels, tags, and point-of-sale materials to promote Defendant's goods and services.

37.     Defendant's goods and services are offered to the same or overlapping classes of purchasers as Woods & Water's customers, travel in the same or similar channels of trade, and are marketed through similar advertising media.

38.     For example, both Woods & Water and Defendant offer online retail store services, and retail store services at brick-and-mortar locations. Both Woods & Water and Defendant sell goods geared towards an outdoor/adventure lifestyle, and for use in connection with outdoor pursuits such as fishing, hunting, and shooting. Both Woods & Water and Defendant have Facebook and Instagram accounts that feature hunting, fishing, camouflage, woods, and/or mountains.

68038011 v1                              8

39.     Woods & Water and Defendant are in close proximity to one another. Defendant's Munford location is approximately 110 miles from Woods & Water's Tuscaloosa store, and the Hamilton location is less than 100 miles from said store.

40.     If one conducts a Google search for "woods and water Alabama," the search results contain a confusing mix of hits pertaining to both Woods & Water and Defendant.

41.     On information and belief, Defendant adopted and is using the Infringing Marks with knowledge of Woods & Water's longstanding rights in the W&W Mark.

42.     In the alternative, Defendant adopted and is using the Infringing Marks recklessly and/or with willful blindness to Woods & Water's rights in and to the W&W Mark.

43.     As a result of the foregoing, Defendant's acts are willful and Defendant intended to trade on Woods & Water's reputation and goodwill.

44.     Defendant's use of the Infringing Marks has caused, and is likely to continue causing, consumer confusion, mistake, or deception as to source, sponsorship, affiliation, or approval.

45.     Woods & Water has not licensed, authorized, or otherwise permitted Defendant to use the W&W Mark or any confusingly similar designation.

46.     Defendant's conduct has caused and will continue to cause irreparable harm to Woods & Water, including loss of control over its valuable reputation and goodwill and injuries that cannot be fully compensated by money damages alone.

C.      **Likelihood of Confusion.**

47.     The W&W Mark and the Infringing Marks are nearly identical in sight, sound, connotation, and overall commercial impression, with the dominant portion of the Infringing Marks being identical to the W&W Mark. Defendant's mere addition of descriptive terms – such as POWERSPORTS or MUNFORD – does not change the analysis.

48.     The parties' goods and services are closely related and complementary, and consumers are likely to believe they come from the same source, are affiliated, connected, or sponsored by the same source, or share a common endorsement.

49.     To wit, Defendant's products (such as ATVs or boats) are frequently used for hunting, fishing, and shooting, and Woods & Water's services are geared towards persons seeking apparel, gear, and accessories for hunting, fishing, and shooting.

50.     Although Woods & Water does not currently sell motorized vehicles, Woods & Water has done so in the past, and it would be a reasonable and logical extension of the goods currently sold by Woods & Water.

51.     The parties market through similar channels, to overlapping customers in the same geographic areas, including throughout the Northern District of Alabama, Western Division.

52.     Woods & Water's W&W Mark is strong, if not famous, based on inherent distinctiveness and/or acquired distinctiveness arising from long, exclusive use and significant market recognition.

53.     On numerous occasions, Woods & Water has received telephone calls from customers who are confused, believing that they are calling Defendant when, in fact, they are calling Woods & Water.

54.     Misdirected inquiries, mistaken purchases, and mistaken marketplace association between the parties is likely to continue to occur if Defendant's infringement is not enjoined.

55.     Defendant's intent to capitalize on Woods & Water's goodwill can be inferred from Defendant's adoption of a nearly identical mark for related goods and services, despite Woods & Water's decades of prior use.

56.    The foregoing factors together demonstrate a likelihood of confusion under applicable law.

57.    In November 2025, Woods & Water contacted Defendant via letter and demanded that Defendant cease and desist from further use of the Infringing Marks. Despite the existence of Woods & Water's superior rights, Defendant has failed and refused to do so.

## COUNT ONE
### 15 U.S.C. § 1114(1)
### Infringement of Registered Mark

58.    Woods & Water realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

59.    Woods & Water owns valid, subsisting, and enforceable rights in the Registered Mark as identified above.

60.    Defendant, without consent, has used and is using in commerce a reproduction, counterfeit, copy, or colorable imitation of the Registered Mark in connection with the sale, offering for sale, distribution, or advertising of goods and services in a manner that is likely to cause confusion, mistake, or deception.

61.    Specifically, Defendant, in violation of Woods & Water's rights in the Registered Mark, has been selling apparel using the Infringing Marks.

62.    Defendant's acts constitute trademark infringement in violation of 15 U.S.C. § 1114(1).

63.    Defendant's infringement has been willful, wanton, and in reckless disregard of Woods & Water's rights.

64.    As a direct and proximate result of Defendant's infringement, Woods & Water has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law and is entitled to injunctive relief under 15 U.S.C. § 1116.

65.     Woods & Water is also entitled to recover Defendant's profits, Woods & Water's damages, and the costs of this action.

66.     Defendant adopted and has used the Infringing Marks with knowledge of Woods & Water's prior rights or with willful blindness to those rights, intending to cause confusion and to trade on Woods & Water's goodwill. Defendant's willful infringement renders this an exceptional case under 15 U.S.C. § 1117(a), warranting an award of attorneys' fees and treble damages as permitted by law.

**<u>COUNT TWO</u>**
**15 U.S.C. § 1125(a)**
**False Designation of Origin and Unfair Competition**

67.     Woods & Water realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

68.     Woods & Water owns protectable rights in the W&W Mark by virtue of its longstanding use in commerce and its federal registration.

69.     Defendant's unauthorized use in commerce of the Infringing Marks (as described above) constitutes use of a word, term, name, symbol, or device, or a false designation of origin, that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Woods & Water, or as to the origin, sponsorship, or approval of Defendant's goods or services.

70.     Defendant's acts constitute false designation of origin, false descriptions and representations, and unfair competition in violation of 15 U.S.C. § 1125(a).

71.     Defendant's conduct has been willful and with the intent to trade on Woods & Water's goodwill.

72.    As a direct and proximate result, Woods & Water has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law and is entitled to injunctive relief under 15 U.S.C. § 1116, as well as monetary relief under 15 U.S.C. § 1117(a).

73.    Defendant adopted and has used the Infringing Marks with knowledge of Woods & Water's prior rights or with willful blindness to those rights, intending to cause confusion and to trade on Woods & Water's goodwill. Defendant's willful infringement renders this an exceptional case under 15 U.S.C. § 1117(a), warranting an award of attorneys' fees and treble damages as permitted by law.

**COUNT THREE**
**Alabama Common Law Trademark Infringement**

74.    Woods & Water realleges and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

75.    Woods & Water owns valid and protectable common law rights in the W&W Mark throughout Alabama arising from continuous and substantially exclusive use for almost fifty years.

76.    Defendant's unauthorized use of the Infringing Marks in Alabama in connection with related goods and services is likely to cause consumer confusion, mistake, or deception and infringes Woods & Water's common law rights.

77.    Defendant's conduct has been willful, wanton, or in reckless disregard of Woods & Water's rights and constitutes common law trademark infringement under Alabama law.

78.    Woods & Water has suffered and will continue to suffer damages as a result of Defendant's conduct, including loss of goodwill, diversion of sales, and harm to reputation, and is entitled to injunctive relief, damages, Defendant's profits, and, where appropriate, punitive damages under Alabama common law.

## **PRAYER FOR RELIEF**

WHEREFORE, Woods & Water respectfully requests that the Court enter judgment in its favor and against Defendant and grant the following relief:

A. A permanent injunction, pursuant to 15 U.S.C. § 1116 and the Court's equitable powers, enjoining Defendant and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from using the Infringing Marks or any mark, name, symbol, device, or designation that is confusingly similar to the W&W Mark, and from engaging in any act that constitutes trademark infringement, false designation of origin, unfair competition, or passing off with respect to Woods & Water's W&W Mark.

B. An order directing Defendant to deliver up for destruction, pursuant to 15 U.S.C. § 1118 and applicable law, all labels, signs, prints, packages, wrappers, receptacles, advertisements, promotional materials, stationery, business cards, invoices, products, and all other materials in Defendant's possession, custody, or control that bear the Infringing Marks or any confusingly similar mark.

C. An order requiring Defendant to remove all uses of the Infringing Marks from websites, domain names, social media, online listings, and digital advertising, and to take all necessary steps with third-party platforms to effectuate such removal.

D. An accounting and award to Woods & Water of Defendant's profits, together with actual damages sustained by Woods & Water, and, as permitted by law, treble damages, under 15 U.S.C. § 1117(a), plus pre-judgment and post-judgment interest.

E. An award of Woods & Water's costs of suit and reasonable attorneys' fees under 15 U.S.C. § 1117(a) and as otherwise permitted by law, including under Alabama common law where punitive or exemplary relief is warranted.

F. An award of corrective advertising and such other compensatory relief as the Court deems just to remedy residual marketplace confusion attributable to Defendant's conduct.

G. An order requiring Defendant to file with the Court and serve on Woods & Water, within thirty (30) days after entry of any injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

H. An award of punitive damages on the Alabama common law claims where Defendant's conduct is found to be willful, wanton, malicious, or in reckless disregard of Woods & Water's rights.

I. Such other and further relief as the Court deems just and proper.

**<u>PLAINTIFF DEMANDS A TRIAL BY JURY.</u>**

Dated this the 27th day of May, 2026.

> *s/ Ellen T. Mathews*
> Ellen T. Mathews
> Molly M. Glisson
>
> Burr & Forman LLP
> 420 20th Street N, Suite 3400
> Birmingham, AL 35203
> Tel: (205) 458-5410
> emathews@burr.com
> mglisson@burr.com
>
> *Counsel for Plaintiff*

68038011 v1

15